IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RANDY W. HOLT                                                    PLAINTIFF

v.                                      Civil No. 04-2237

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                    DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Randy W. Holt appealed the Commissioner's denial of benefits to this court. On August 3, 2005, judgment was entered (Doc. #9) reversing the decision of the Commissioner and remanding plaintiff's case pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff now moves for an award of $2,387.80 in fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA), requesting compensation for 14.95 hours of attorney work before the court at an hourly rate of $144.00, .75 hours of paralegal work at a rate of $50.00 per hour, and $197.50 in costs. The defendant has filed a response, stating the Commissioner has no objection to plaintiff's motion.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour" *Id*. at F.2d 503. Plaintiff's counsel attached a summary of the Consumer Price Index as an exhibit to her motion for attorney's fees and has presented evidence of an increase in the cost of living. Therefore, this court believes her argument for enhanced fees, based on a cost of living increase, has merit and recommend an enhanced hourly fee of $144.00.

We next address the number of hours plaintiff's attorney claims she spent working on this case. The court must determine in each case whether the fee requested is reasonable, *McDonald v. Weinberger*, 512 F.2d 144 (9th Cir. 1975), and may only award fees for work done before it and not work done prior to the beginning of the court action or at the administrative level. See *Cornella v. Schweiker*, 728 F.2d 978, 988-989 (8th Cir. 1984).

Plaintiff's complaint was filed November 2, 2004. Prior to the filing of the complaint, plaintiff's counsel spent a total of 1.70 hours in reviewing the lower court's decision, writing her client, talking on the phone with her client's spouse, forwarding copies, and preparation of the four page complaint. This court believes 1.0 hour for preparation of the four page complaint to be reasonable and recommends the deduction of the remaining .70 as time spent prior to the beginning of the court action. In addition, plaintiff's counsel notes .50 of an hour spent on February 14, 2005,

reviewing work by her paralegal, file review, and a brief memo to her staff. As this court believes that counsel's time spent reviewing her paralegal's work and memos to her staff are not time spent before this court, we recommend a reduction of the claimed amount by .40 and allow .10 for file review.

On April 14, 2005, counsel briefly reviewed defendant's answer, which consisted of three pages (one of which was the certificate of service), and provided instructions to her staff for a total of .30 of an hour. As most of the time spent must have been instructing her staff, this court recommends crediting plaintiff's counsel .10 for review of the answer and a deduction of .20 from the claimed time. On that same date, counsel reviewed this court's scheduling letter, which is sent as a courtesy, reminding counsel who wish to file briefs (which are not required by this court) of the time frame for doing so. Counsel claimed .15 for that review. This court recommends a deduction of .10 from the claimed amount, leaving counsel .05 in time spent.

In May 2005, counsel apparently began working on briefs in two separate social security matters (see items dated May 6 and 7, 2005) and reviewed drafted briefs in three matters (item dated May 10, 2005). Plaintiff's counsel claims a total of 8.85 hours for this work. As it is unclear how much time counsel spent on plaintiff's brief and deducting for time spent in discussions with her paralegal, this court recommends a deduction of 4 hours, leaving counsel claimed time of 4.85 hours.

Plaintiff's counsel also requests 0.25 of an hour reviewing defendant's two-page motion to remand, 0.25 of an hour reviewing this court's two-page recommendation, and 0.20 of an hour reviewing the court's two-paragraph judgment, for a total of 0.70 of an hour. Plaintiff's counsel is an experienced attorney in the practice of social security and this court finds the time claimed for this

review to be unreasonable. We therefore recommend a deduction of .45, leaving counsel with .25 of an hour for review.

Plaintiff's counsel requests reimbursement for .75 hours of paralegal work at a rate of $50.00 per hour for preparation of three service of process letters on February 14, 2005.

In calculating an award of attorney's fees under an internal revenue provision, 26 U.S.C. § 7430, the Eighth Circuit stated that "[w]ork done by paralegals is compensable if it is work that *would have been done by an attorney*. If such hours were not compensable, then attorneys may be compelled to perform the duties that could otherwise be fulfilled by paralegals, thereby increasing the overall cost of legal services." *Miller v. Alamo*, 983 F.2d 856, 862 (8th Cir. 1993) (emphasis added).

There is nothing to indicate that the .75 hour of paralegal time spent on February 14, 2005, in preparation of the form service of process letters is anything more than work which could have been performed by support staff and appears to be more clerical in nature. This is not the type of task that would have been otherwise compensable had it been performed by plaintiff's counsel. *See Granville House, Inc. v. Department of Health, Educ. and Welfare*, 813 F.2d 881, 884 (8th Cir. 1987) (attorney not entitled to compensation under EAJA for work that could easily be performed by support staff); *cf. Miller,* 983 F.3d at 862 (going to library to locate cases cited by opposing party and preparing materials to be used by attorney at oral argument found to be compensable paralegal time under EAJA). We hereby deduct the paralegal time of .75.

Plaintiff's counsel also seeks reimbursement of $197.50 in expenses. Such expenses are recoverable under EAJA. *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

Based on the above, we recommend awarding plaintiff's attorney fees and costs under EAJA in the amount of $1,507.90, representing 9.10 hours of attorney work at a rate of $144.00 an hour and $197.50 in costs. This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future.

**The parties have ten day from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 9th day of November 2005.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE